UNITED STATES BANKRUPTCY COURT
District of New Jersey

U.S BANKRUPTCY COURT
FILED
TRENTON, NJ

10 OCT -1 PM 2:00

JAMES J. WALDRON
BY: _____
DEPUTY CLERK

**FILING FEE PAID**

In re:

Rudolph Maximilian Goepp III,

Debtor.

_____

David E. Collier,

Plaintiff,

v.

Rudolph Maximilian Goepp III,

Defendant.

Case No.: 10-29384-RTL

Chapter: 7

Judge: Honorable Raymond T. Lyons Jr.

Adversary No.: _____

# COMPLAINT TO DECLARE DEBT NONDISCHARGEABLE AND TO OBJECT TO DISCHARGE

1. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §157.

2. Plaintiff is an individual residing at 1059 Edinburg Road, Hamilton, New Jersey, 08690.

3. Plaintiff is the largest unsecured creditor listed on defendant's bankruptcy petition.

4. Defendant is the debtor in the above chapter 7 proceeding. having filed a petition pursuant to chapter 7 of the Bankruptcy Code on or about June 24, 2010.

5. Upon information and belief, defendant resides at 110 Bayard Lane, Princeton, New Jersey, 08540.

6. This is an adversary proceeding to determine the dischargeability of a debt and to object to the discharge of the defendant, Rudolph Maximilian Goepp III ("Goepp").

7. Upon information and belief, in or about 2006 and 2007, Goepp was appointed plaintiff's agent under a Power of Attorney.

8. As agent under Power of Attorney, Goepp owed a fiduciary duty to the plaintiff.

9. This fiduciary duty included the obligation to act within the powers delegated by the Power of Attorney and solely for the benefit of the plaintiff.

10. From approximately 2007 through July 2010, Goepp embarked on a series of methods of separating the plaintiff from his money.

11. These activities included, without limitation: Extracting "loans" from the plaintiff in the forms of personal checks drawn on plaintiff's account payable to Goepp, with no intention on the part of Goepp to repay said loans; extracting "loans" in the form of personal checks from the plaintiff drawn on plaintiff's personal account and payable to Goepp with no collateral as security for repayment; extracting "loans" from plaintiff's now-deceased wife with no intention of repaying same; withdrawing money from plaintiff's bank account for Goepp's personal benefit; transferring funds among plaintiff's financial accounts electronically to facilitate the aforesaid "loan" scheme; diverting plaintiff's mail to a post office box over which plaintiff had no control so plaintiff remained unaware of certain of Goepp's activities; using a debit card for

personal gain or benefit without plaintiff's authorization; engaging in a course of conduct that resulted in the transfer to debtor of money that had belonged to plaintiff solely or jointly with plaintiff's wife; failing to disclose to plaintiff that he had contemplated petitioning for bankruptcy; failing to disclose to plaintiff that he petitioned for bankruptcy.

12. Upon information and belief, some or all of the aforesaid "loans" from plaintiff's wife were memorialized in promissory notes from debtor to said wife.

13. Debtor has admitted that said notes were to belong to the plaintiff upon the death of plaintiff's wife.

14. Plaintiff's wife died on or about September 21, 2007.

15. Section 523(a)(2) of the Bankruptcy Code provides in part that any debt for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud is not dischargeable.

16. Section 523(a)(4) provides in part that a discharge does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, larceny.

17. Plaintiff believes and therefore alleges that Goepp's activities as set forth herein constitute exceptions to discharge under 11 U.S.C. 523(a)(2) and 11 U.S.C. 523(a)(4).

WHEREFORE, plaintiff prays that this Honorable Court enter an order declaring that the debts of Goepp to the plaintiff are nondischargeable and that the plaintiff have

such further and other relief as the Court deems just and appropriate under the circumstances of this suit.

Dated:  September 30, 2010

*Ronald M. Katkocin*
Ronald M. Katkocin, Esquire
Katkocin Law Office
The Hansen – Warner Building
4 Union Street, Suite 202
Medford NJ 08055
Phone: 609-953-2000
Fax: 609-953-9322
E-mail: katkocinlaw@comcast.net.
Attorney for David E. Collier

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> David E. Collier | **DEFENDANTS** <br> Rudolph Maximilian Goepp III |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Ronald M. Katkocin, Esquire <br> Katkocin Law Office  609-953-2000 <br> 4 Union Street, Suite 202 <br> Medford NJ 08055 | **ATTORNEYS** (If Known) <br> Barry W. Frost, Esquire <br> Teich Groh <br> 691 State Highway 33, Trenton NJ 08819 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

To declare debt nondischargeable under 11 U.S.C. 523(a)(2) and (a)(4).

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other  [4]

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☒ 41-Objection / revocation of discharge - §727(c),(d),(e)  [5]

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud  [1]
- ☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny  [2]

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
- ☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)  [3]

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 325,000 |

**Other Relief Sought**

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>Rudolph Maximilian Goepp III | BANKRUPTCY CASE NO.<br>10-293-84-RTL ||
| DISTRICT IN WHICH CASE IS PENDING<br>New Jersey | DIVISION OFFICE | NAME OF JUDGE<br>Raymond T. Lyons Jr. |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Law Offices of

# RONALD M. KATKOCIN

4 Union Street, Suite 202
Medford, New Jersey 08055

Admitted to practice in
NEW JERSEY & PENNSYLVANIA

(609) 953-2000
Fax: (609) 953-9322

September 30, 2010

Clerk
United States Bankruptcy Court
District of New Jersey
Clarkson S Fisher Federal Court House
402 East State Street
Trenton NJ 08608

    Re:    In Re Rudolph Maximilian Goepp III
             Case No. 10-29384-RTL

Dear Sir or Madam:

In accordance with D.N.J. LBR 7001-1, I enclose herewith for filing the following

1. An original and one copy of a Complaint to Declare Debt Nondischargeable and to Object to Discharge;

2. An original and one copy of a Form 250B Summons;

3. An original and one copy of an Adversary Proceeding Cover Sheet (Form 104);

4. An original and one copy of my Certification of Noncompliance; and

5. The filing fee in the form of an attorney business check payable to USBC in the amount of $250.

Please file these documents and return copies marked "filed" in the pre-addressed, postage-paid envelope that also is enclosed for your convenience. Please also issue the summonses and return same, signed, dated, and sealed, with adversary number and pretrial conference information included thereon.

Clerk
September 30, 2010
Page two

    If you have any questions or comments with regard to the enclosed, please call me at 609-953-2000.

    Thank you for your courtesy and cooperation.

                                 Very truly yours,

                                 Ronald M. Katkocin

RMK/dlr
encs.